IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| RICKY ADAMS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv978 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Ricky Adams, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Adams was convicted in Anderson County of aggravated assault with a deadly weapon, aggravated robbery, and possession of a firearm by a felon on January 30, 2012, receiving concurrent 30-year sentences. He did not take a direct appeal but says that he sought state habeas corpus relief on October 21, 2013. His state habeas applications were denied without written order on October 22, 2015.[1]

In his amended petition, Adams complains that the sentence is void because he was charged with the third degree felony of possession of a firearm by a felon and thus could not receive a sentence greater than 20 years, but he received a 30 year sentence, which renders his entire plea bargain package void. He states that he was denied effective assistance of counsel and his conviction

---

[1] The on-line records of the Texas Court of Criminal Appeals show that Adams' most recent state habeas applications were received by that court on September 22, 2015, and were dismissed as successive on October 22, 2015. The habeas applications received immediately prior to these were dismissed as non-compliant on August 5, 2015. There were no petitions filed by Adams in 2013 which were adjudicated in 2015.

1

was void because the limitations period for his prosecution had expired. He also states that he was denied his right to a speedy trial and alludes without elaboration to the calculation of his time credits.

Adams attaches documentation showing the date of the offenses as December 1, 2001. He received pre-sentence jail credits from December 1, 2001 to January 22, 2002; January 22, 2002 to March 9, 2007; and July 31, 2011 to January 30, 2012, all of which time credits resulted in a calculated sentence begin date of April 24, 2006.

Adams also attached a newspaper article stating that he had been on parole at the time of the offenses. His parole was revoked and he was held by TDCJ from January of 2002 until March of 2007, at which time he was apparently released in error rather than being sent back to Anderson County to face the new charges.

After review of the pleadings, the magistrate judge ordered Adams to show cause why his petition should not be dismissed based on the expiration of the statute of limitations. In response, Adams argued that he received ineffective assistance of counsel and that his conviction was void because the limitations period had expired on the prosecution and he received a longer sentence for the crime of possession of a firearm by a felon than was available by law.

The magistrate judge determined that Adams was convicted on January 30, 2012, and did not appeal, making his conviction final on Wednesday, February 29, 2012. His limitations began to run at that time and expired on Thursday, February 28, 2013, absent the operation of other factors. The Magistrate Judge concluded that: none of the statutory factors set out in 28 U.S.C. §2244(d) set off the commencement date of the limitations period; Adams' state habeas application was filed after the limitations period had expired; and Adams was not entitled to equitable tolling. Thus, the Magistrate Judge recommended that Adams' petition be dismissed.

In his objections, Adams states that he is fighting for time credits of flat time and street time, although his petition challenges the legality of his conviction and presents no facts concerning the calculation of his sentence. He says that on March 23, 2007, the day he was supposed to make parole, the parole lady asked if he knew that he had a detainer pending from Anderson County and

he said that he did. The lady said that he had to take care of that when he got out and he told her okay, but "I knew that it wasn't my duty to turn myself in." He again says that he wants time credits for 2007 until 2011 while he was out on the street. Adams contends that the limitations period should have started to run when his time credit dispute resolution form was answered; however, his petition plainly challenges the legality of his conviction, rendering the date of resolution of his time credit dispute irrelevant to the statute of limitations.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. The dismissal of this petition shall not prevent Adams from seeking such relief as he may be entitled, including federal habeas corpus relief, challenging the calculation of his time credits

**ORDERED** that the Petitioner Ricky Adams is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 5th day of February, 2016.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

3